HANLON, JUDGE:
The above-styled claims were submitted to the Court upon written stipulations and briefs filed by the parties. There are several issues in this claim which must be considered individually by the Court.
1) The parties stipulated that Claim No. CC-87-724 may be dismissed by the Court. The Court hereby dismisses that claim.
*16 2) The claim for medical services rendered to State prisoners and paid by claimant in the amount of $13,720.39 has been admitted by respondent in its Answer. These medical expenses were not paid by respondent in the proper fiscal year. The Court will make an award to the claimant in this amount.
3) The issue before the Court involving the question of whether the respondent is liable to a county for housing a prisoner who is confined to a county jail as the result of the issuance of a writ or a stay of execution or similar order entered by a circuit court requiring that an inmate be housed in a county jail to allow his or her participation in another trial or his or her assistance in the preparation of an appeal has been decided by this Court as follows.
The Court is of the opinion that the respondent is not liable for payment for the housing of a prisoner who is confined in a county jail as a result of the issuance of a writ or a stay of execution or similar order entered by a circuit court requiring that an inmate continue to be housed in the county jail to allow him or her to participate- in another trial or to allow him or her to assist in the preparation for trial. Therefore, this portion of the claim is denied.
4) The next issue involves expenses for parolees held in jail on a parole revocation warrant pending a revocation hearing, and work release center inmates held in the county jail pending disciplinary action before the Department of Corrections' magistrate. The respondent normally receives an invoice from the county to reimburse the county for the costs of housing prisoners in these categories. The claimant herein failed to invoice the respondent prior to the end of the proper fiscal year in which certain of these expenses were incurred. The parties stipulated that respondent is liable to claimant for $35,150.00 for those expenses incurred by claimant during the 1986-87 fiscal year. The Court will include this amount in its award to the claimant.
5) The next issue before the Court is whether the respondent is liable to a county for housing prisoners moved to a State penal institution from the date of sentencing until the date the prisoner is transferred from the county jail to the facility under the control of the respondent. The parties herein stipulated that the average number of days for the transfer by respondent after the sentencing Order was entered in Kanawha County was fourteen (14) days. The Court is of the opinion that fourteen (14) days in a reasonable period of time for the claimant to hold a prisoner prior to transfer to a State penal institution. The parties are directed to calculate the monies due the claimant based upon this fourteen-day time frame allowed to the respondent and to stipulate the amount in order that an award may be made to the claimant.
6) The last issue before the Court involves the question of whether the respondent is liable to the claimant for each day a prisoner remains in the county jail after the Governor of the State issues a reprieve wherein the language of the reprieve requires the Sheriff of a county to hold the prisoner in the county jail. The respondent contends that it is not liable for those days which were incurred by the claimant prior to the decision of the West Virginia Supreme Court of Appeals rendered in The County Comm'n of Mercer County v. A.V. Dodrill, Comm'r., Dept. of Corrections, or his named successor, April 19, 1989. The Supreme Court granted a writ of *17 mandamus requiring the Department of Corrections to reimburse counties for those prisoner days incurred by a county after a reprieve by the Governor. The Court held that "... the financial responsibility for individuals lawfully sentenced to the State Department of Corrections must be borne by the state and not the county." The Supreme Court did not resolve the issue of liability for prisoner days incurred by counties prior to this decision.[1] This Court is of the opinion that it is a moral obligation on the part of respondent to reimburse the claimant for expenses incurred for prisoners held in the county jail under reprieves granted by the Governor prior to April 19, 1989. The claimant and respondent are directed to calculate the amount of these expenses taking into consideration the fourteen-day provision mentioned hereinabove. The parties shall submit the amount so calculated in a stipulation to be filed within thirty days after the issue date of this opinion, in order that the Court may make an award.
The Court therefore makes a partial award in the amount of $48,870.89 for the two items determined by this opinion.
Partial award of $48,870.89.

 In the Mercer County decision the Supreme Court stated as dicta, "We also recognize that many state prisoners who have been in county jails in a reprieve status are now in one of the state correctional facilities or perhaps on parole. We will not require the state or reimburse the counties for those prisoners who passed through the county jails. Nor will we require the state to reimburse the counties to this date for those prisoners who are now in the county jails under reprieve." It is the opinion of this Court that the Supreme Court would not grant such a retroactive award when the proper forum for the consideration and grant of such awards is the Court of Claims.